**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Winifred B. ROBERTS, Respondent.**

**No. 2004–SC–0416–KB.**

Supreme Court of Kentucky.

Aug. 26, 2004.

Winifred B. Roberts, Owingsville, Counsel for Movant.

Bruce K. Davis, Executive Director, Linda Gosnell, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended to this Court that Respondent, Winifred B. Roberts, who was admitted to the practice of law in Kentucky on November 18, 1983, and who was last located at 25 South Court Street, P.O. Box 435, Owingsville, Kentucky, be disbarred from the practice of law. Respondent has been found guilty of five (5) charges of professional misconduct arising from twenty-two (22) individual violations. The Board of Governors determined that the five cases involved primarily three basic forms of misconduct: (1) a pattern of conduct in which Respondent abandoned various clients, (2) conviction of a felony based on a Theft By Deception indictment and breach of fiduciary duties, and (3) practicing law after suspension from practice. Although these charges have not been formally consolidated, the Board of Governors recommends disbarment as a penalty for all charges combined. The cases will be discussed as they fall into the three forms listed above.

The first case, KBA Charge 6953, involves Respondent abandoning her client. District Judge John Cox of Morehead, Kentucky, filed a complaint on August 3, 1998, claiming that Ms. Roberts inadequately represented her client. Respondent was representing a defendant charged with DUI in a bench trial that was to be held in April of 1998. The day before the trial was to proceed Roberts requested a jury trial, which was set for July of 1998. On the day before the jury trial was to proceed,[1] Respondent informed the court clerk that a bench trial would be acceptable. On the morning of the trial, Respondent once again contacted the court clerk, this time to inform her that she had pneumonia and would not be able to argue the case. Judge Cox expressed that this was not abnormal behavior for Respondent.

Respondent answered this complaint, stating that she had met with her clients on July 23, 1998, but began to feel ill on Friday, July 24. She claimed that she went to the Emergency Room of a local hospital on July 27 and promised to supply the hospital records. No records are contained in the KBA file. She also claimed that she did not have adequate secretarial support in her office. Respondent sent a

---

1. July 27, 1998.

letter of "response, answer, or supplemental answer to the above referenced complaints," dated October 2, 2000, but failed to refer to her health related claims in this letter.

Respondent was charged on June 22, 1999, with three counts of violations:

1. Respondent failed to act with reasonable diligence and promptness in her representation of her client in violation of her duties under SCR 3.130(1.3).

2. Respondent failed to make a reasonable effort to expedite litigation consistent with the interests of her client in violation of her duties under SCR 3.130(3.2).

3. Respondent knowingly made a false statement of material fact or law to a tribunal or failed to disclose a material fact to the tribunal when disclosure is necessary to avoid a fraud being perpetrated upon the tribunal in violation of her duties under SCR 3.130(3.3).

Respondent was served with the Charge by certified mail on July 25, 1999, but failed to file a response. The Board of Governors found Respondent guilty of all three counts.

KBA Charge 7457 was filed in regard to Respondent's representation of Client A. Client A hired Respondent in March of 1998 to represent her in a divorce/custody case for which Respondent collected a $650 retainer. Client A then moved to Texas. In her complaint, filed June 15, 1999, Client A alleged that Respondent failed to perform any substantial services in the divorce/custody case. Client A claims that Respondent did not return phone calls, inform her of a hearing that had been cancelled, and in general did not apprise her of the case.

Respondent filed a response to the complaint and stated that she had filed a motion for temporary custody, but that illness had forced her to cancel or miss a hearing set in June of 1998. Respondent also maintained that her participation in a criminal case caused her to miss a hearing in October of 1998. At first she offered to refund the retainer, but counsel later disclosed that Respondent believed she had earned the fee and would be keeping the money.

The Inquiry Commission charged Respondent on December 19, 2000, with two counts of misconduct:

1. Respondent failed to act with reasonable diligence and promptness in her representation of her client [Client A] in violation of her duties under SCR 3.130(1.3).

2. Respondent failed to keep her client [Client A] reasonably informed about the status of the client's case in violation of her duties under SCR 3.130(1.3).

Respondent was properly served with the Charge on December 23, 2000, but failed to file a response. The Board of Governors found Respondent guilty of both counts.

KBA Charge 7526 began with a complaint filed by Client B in July of 1999 in which she claimed that Respondent had been hired in November of the previous year to settle Estate C. Client B paid Respondent $200.00. Client B stated in her complaint that as of July of 1999, Respondent had performed no services. Client B then requested that Respondent return her file.

On August 25, 2000 the Inquiry Commission charged Respondent on three counts:

1. Respondent failed to provide competent representation to [Estate C] in

violation of her duties under SCR 3.130(1.1).

2. Respondent failed to act with reasonable diligence and promptness in her representation of [Estate C] in violation of her duties under SCR 3.130(1.3).

3. Respondent failed to keep her client reasonably informed about the status of her representation of [Estate C] in violation of her duties under SCR 3.130(1.4).

Respondent's counsel stated in the previously referenced October 2, 2000, letter to the KBA that Respondent had returned all materials to Client B. Neither Respondent, nor her attorney, specifically denied the allegations stated in the Charge. Respondent was served with the Charge on August 30, but failed to respond. After discussion, the Board of Governors of the KBA concluded that Respondent was guilty of all three counts.

KBA Charge 7427 deals with a conviction of a felony based on the Theft By Deception indictment and breach of fiduciary duties. Respondent was indicted for Theft By Deception in 1999. During the time between July 10, 1998, and September 15, 1998, Respondent exchanged a number of worthless checks drawn on the Farmers Bank in Owingsville, Kentucky, for $6308.02 from the Community Trust Bank in Montgomery County, Kentucky. On November 4, 1999 Respondent entered an Alford Plea[2] to one count of Theft by Deception. In January of 2000, she was sentenced to five years supervised pre-trial diversion, was ordered to make full restitution to the bank, and agreed not to practice law in the Commonwealth of Kentucky for five years.

On March 23, 2000, this Court entered an Opinion and Order confirming that Respondent was automatically suspended from the practice of law in the Commonwealth of Kentucky due to her November 4, 1999, conviction via an Alford Plea for Theft By Deception. Our order directed that disciplinary proceedings by the KBA be initiated. Respondent's suspension was to remain until dissolved or superseded by an order of this Court.

On July 1, 1999, the Inquiry Commission issued a complaint against Respondent in which it stated that it had received information that Respondent had misappropriated funds from Trust D prior to her removal as Trustee on July 31, 1998. Independent evidence of this Charge does not exist in the file of the KBA.

The Commission issued a Charge on December 19, 2000, containing the following counts against Respondent based upon the Theft By Deception conviction and the allegations involving Trust D:

1. Respondent failed to safely keep and hold the funds of a client or their person by converting, misappropriating or otherwise misapplying and misdirecting funds from [Trust D] in violation of her duties under SCR 3.130(1.15(a)).

2. Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by converting, misappropriating or otherwise misapplying and misdirecting funds from [Trust D] in violation of her duties under SCR 3.130(8.3(c)).

3. Respondent committed a criminal act which reflects adversely on her honesty, trustworthiness or fitness as a lawyer and in other respects by converting, misappropriating or otherwise misapplying and misdirecting funds from [Trust D] in violation of her duties under SCR 3.130(8.3(b)).

2. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

4. Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by engaging in conduct which resulted in her felony conviction of Theft by Deception in violation of her duties under SCR 3.130(8.3(c)).

5. Respondent committed a criminal act which reflects adversely on her honesty, trustworthiness or fitness as a lawyer in other respects by engaging in conduct which resulted in her felony conviction on charges of Theft By Deception in violation of her duties under SCR 3.130(8.3(b)).

In the aforementioned letter of October 2, 2000, Respondent's attorney stated that Respondent essentially has "no defense." Respondent was served with the Charge on December 23, 2000, but did not file a response. The Board of Governors concluded that Respondent was guilty on all five counts.

The last category of Respondent's charges is practicing law after suspension from practice. KBA Charge 8199 concerns legal services and advice given to Client E regarding a domestic violence matter in or about January of 2000, and to Client F or Client G regarding a domestic relations case in or about August of 2000. This Charge arose from a complaint issued by the Inquiry Commission on September 30, 2000.

Respondent answered the complaint by stating that she had been working as a paralegal in her father's law office subsequent to her suspension from the practice of law. She admitted making telephone calls relating to the case of Client E, but denied appearing in court for that party. She also admitted drafting a pleading in Client F's or Client G's domestic case.

On December 19, 2000, the Inquiry Commission issued a six count charge against Respondent, charging as follows:

1. Respondent provided legal services to [Client E] during a period of time when the Respondent was suspended from the practice of law in violation of her duties under SCR 3.130(5.5(a)).

2. Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by providing legal services to [Client E] during a period of time when the Respondent was suspended from the practice of law in violation of her duties under SCR 3.130(8.3(c)).

3. Respondent committed a criminal act which reflected adversely on her honesty, trustworthiness or fitness as a lawyer in other respects by providing legal services to [Client E] during a period of time when the Respondent was suspended from the practice of law in violation of her duties under SCR 3.130(8.3(b)).

4. Respondent provided legal services to [Client F or Client G] during a period of time when the Respondent was suspended from the practice of law in violation of her duties under SCR 3.130(5.5(a)).

5. Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by providing legal services to [Client F or Client G] during a period of time when the Respondent was suspended from the practice of law in violation of her duties under SCR 3.130(8.3(c)).

6. Respondent committed a criminal act which reflected adversely on her honesty, trustworthiness or fitness as a lawyer in other respects by providing legal services to [Client F or Client G] during a period of time when the Respondent was suspended from the practice of law in viola-

tion of her duties under SCR 3.130(8.3(b)).

Respondent was properly served with this Charge on December 23, 2000, but failed to file a response. The Board of Governors concluded that Respondent was guilty of all six counts.

In two of the three cases involving abandonment of clients, Respondent claimed that she suffered from an illness and offered to provide proof. However, no proof is present within the record. Thus, it appears Respondent repeatedly abandoned multiple clients with no apparent justification. Additionally, Respondent's felony conviction of Theft by Deception, coupled with her admitted breach of fiduciary duties with respect to Trust D, raise serious concerns about her integrity and fitness to practice law. Finally, Respondent's practice of law following her suspension by this Court presents additional proof of her inability to follow the rules and expectations of the KBA.

Upon the foregoing facts and charges, it is ordered that the recommendation of the Board of Governors be adopted. Therefore, it is ORDERED that:

1. Respondent, Winifred B. Roberts, is hereby permanently disbarred from the practice of law in Kentucky. This disbarment shall commence on the date of entry of this Order.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $169.71, for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4. Respondent is also ordered to immediately cancel any and all advertising in which she may be engaged to the extent possible.

All concur.

ENTERED: Aug. 26, 2004.

/s/ Joseph E. Lambert
    Chief Justice